UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22682-CIV-LENARD

In re:

**JENROB PROPERTIES LLC,**

    Debtor.
_____/

**DANIEL A. FOLEY,**

    Appellant,

v.

**ROBERT JEFFREY, KATHLEEN JEFFREY, LISA S. NARDI, and RALPH A. NARDI,**

    Appellees.
_____/

## ORDER DISMISSING APPEAL AS MOOT

Appellant, Daniel Foley, appeals the Order of the United States Bankruptcy Court denying his Motion to Amend Order Approving Sale of Real Property or, in the Alternative, to Vacate Order Approving Sale of Real Property. Appellant filed his Initial Brief on August 18, 2014 (D.E. 9), to which Appellees Lisa S. Nardi and Ralph A. Nardi filed their Amended Answer Brief on October 14, 2014 (D.E. 15). Appellant did not file a reply brief. Upon review of Appellant's Brief, Appellee's Brief, and the record, the Court finds as follows.

**I.     Background**

This appeal involves the sale of real property known as the Southwest Ranches Property ("the Property").  Appellees Robert and Kathleen Jeffreys originally purchased the Property in 2003.  In 2006, the Jeffreys gave Bank of New York a first mortgage against the Property that went into default and was the subject of a pending state foreclosure action.  Bank of New York was owed over $2.5 million on the loan.  As a result of various deeds and agreements, the Jeffreys clouded the title to the Property, although they stated that it was their intention to transfer ownership of the Property to Jenrob Properties, LLC—the Debtor in the underlying bankruptcy action ("the Debtor")—which the Jeffreys owned in its entirety.

Appellant obtained a judgment against the Jeffreys arising from a Massachusetts Superior Court proceeding ("the Massachusetts Judgment").  On September 10, 2013, Appellant caused a certified copy of the Massachusetts Judgment to be recorded in the Public Records of Broward County, Florida pursuant to Florida Statutes § 55.501, et seq.  By operation of Florida law, the recording of the Massachusetts Judgment created a lien on all real property owned by the Jeffreys in Broward County, Florida, including the Southwest Ranches Property.  See Fla. Stat. §§ 55.10, 55.503.

On January 27, 2014, the Jeffreys filed an emergency motion to sell the Property free and clear of any liens.  On January 29, 2014, the Bankruptcy Court issued a Notice of Hearing for February 5, 2014 (waiving the twenty-one day notice period of Federal Rule of Bankruptcy Procedure 2002(a)), which was served upon all known interested parties, but was not served on Appellant because his interest in the Property was not

known at the time. On February 5, 2014, the Debtor filed its own motion to sell the Property free and clear of any liens, claims, encumbrances and interests under 11 U.S.C. §§ 105(a) and 383, and Federal Rules of Bankruptcy Procedure 2002, 6004, and 9014.

On February 5, 2014, the Bankruptcy Court held a hearing on both motions. The court granted both motions and entered an order authorizing sale of the Property to Appellees Lisa and Ralph Nardi. The court's order was served on all creditors and interested parties that were known at that time, but it was not served on Appellant because his interest in the Property was not known at the time.

On February 11, 2014, the Bankruptcy Court approved the sale to the Nardis. Appellant's Massachusetts Judgment was discovered during a title search performed in preparation for closing the sale to the Nardis. On February 13, 2014, counsel for Robert Jeffrey called Appellant's local counsel to discuss the sale of the Property and the Massachusetts Judgment, but he did not reach him.

On February 14, 2014, the Bankruptcy Court entered an Order approving the sale of the Property free and clear of liens, claims, encumbrances, and interests pursuant to Section 363(b), (f), and (m) of the Bankruptcy Code ("Sale Order"). Appellant was served with a copy of the Sale Order the same day, February 14, 2014. No interested party, including Appellant, appealed the Sale Order within fourteen days of its entry as required by Bankruptcy Rule 8002(a). The Order became final on March 1, 2014.

On February 28, 2014, the sale to the Nardis closed in escrow and after confirmation that the Sale Order was final, all funds were dispersed on March 1, 2014. The Nardis paid over $161,000 in cash at the closing, plus an additional $4,850 for the

3

Trustee's fees, and obtained a purchase money mortgage in the amount of $752,000 in order to purchase the property.

On March 12, 2014, Appellant filed a Motion to Amend Order Approving Sale of Real Property or, in the Alternative, Motion to Vacate Order Approving Sale of Real Property ("the Motion"). He asserted a judgment lien against the Property in the principal amount of approximately $30,180.48 from the Massachusetts Judgment. He did not dispute that his lien was inferior in interest and priority to the first mortgage lien held by Bank of New York, which was over $2.5 million. The Property was appraised in value just prior to the sale to the Nardis in the range of $943,000 to $975,000. The Nardis purchased the property for $940,000.

On May 15, 2014, the Bankruptcy Court denied the Motion, finding that the Appellant's lack of notice of the motion to approve the sale or notice of the hearing on the motion was harmless error. It found that after Appellant was served with a copy of the Sale Order on February 14, 2014, he "had time to seek rehearing, appeal the Sale Order, or file an emergency motion to stay the sale, but he chose to do nothing and allowed the Property to be sold to the Nardis, who were innocent purchasers without knowledge of his claim. (See Order, D.E. 1 at 8.)[1] The Bankruptcy Court further noted:

> This Court is a court of equity and must balance the rights of the respective innocent parties, the bona fide purchasers (Nardis), the Nardis' current mortgage lender, and the judgment creditor (Foley), in the wake of a notice defect. Id.; In Re Agriprocessors, Inc., 474 B.R. 896, 903 (N.D. Iowa 2012). Equity generally seeks to put the parties back in the position

---

[1] With respect to docket entry citations, the page numbers to which the Court cites are the page numbers generated by CMECF at the top of the page, which are not necessarily the same page numbers assigned by the author of the document.

4

> they would have been in, but for the defect.  In this case, the Property in question was already significantly "underwater" and was sold to the Nardis in an approved short sale.  The original amount of the outstanding mortgage was over $2.5 million.  The Property was recently appraised in value between $943,000 and $975,000 and the Nardis purchased the Property for $940,000.
>
> As this Court found previously, the Nardis were the only qualified buyers for this Property.  Further, there were unpaid property taxes.  If Mr. Foley had received proper notice of the motion and objected to the sale, his lien rights still would have been extinguished because there was no equity in the Property above the taxes and first mortgage lien.  The Nardis still would have been able to purchase the Property under the same terms and conditions, unless Mr. Foley was willing to bid to buy the Property.  Mr. Foley has not represented to this Court that he was willing or able to bid higher and better than the Nardis for the Property.  Thus, even if the Court were to grant Mr. Foley's motion and set aside the sale, there is no proffer of evidence that the re-sale of the Property would generate sufficient funds to provide any return on Mr. Foley's claim against the Property, which was so "underwater" that it was shaking hands with Jacques Cousteau.
>
> Mr. Foley's delayed response to receipt of the Sale Order allowed the Nardis to become bona fide purchasers.  The Nardis relied upon the validity and finality of this Court's Sale Order in paying over $161,000 cash at the closing, (plus an additional $4,850.00 for the US Trustee's fees), and in obtaining a purchase money mortgage in the amount of $752,000 to purchase the Property.  The Nardis' lender relied upon the validity and finality of this Court's Sale Order in making its loan.  To secure its first lien position, the Nardis' lender also paid off and satisfied the prior mortgage in the amount of $862,916.25.  Moreover, the U.S. Trustee's Office was provided with funds from the sale under the terms of the Sale Order.  Therefore, simply vacating the sale under these circumstances would be unreasonable and inequitable. By his conduct, the Court believes Mr. Foley waived any procedural due process argument as to the lack of proper notice.

(Id. at 8-9 (internal record citations omitted).)  Accordingly, the Bankruptcy Court found that Appellant had not satisfied the Rule 60(b) standard for reconsideration of the Sale Order.

5

On July 18, 2014, Appellant appealed the Bankruptcy Court's Order to this Court. (See D.E. 1.) He argues that the bankruptcy court erred by authorizing sale of the Property under 11 U.S.C. § 636(b) because (1) that provision only permits a trustee to sell property of the estate, (2) there was insufficient notice of the sale, and (3) the Court had not yet determined that the property was part of the estate. (Appellant's Brief at 11.) He further argued that the Bankruptcy Court erred by rejecting his Due Process Arguments. (Id. at 12-17.) Appellees argue that the appeal is moot under 11 U.S.C. § 363(m), and that Appellant's arguments fail on their merits. (Appellee's Brief 14-29.)

## II.     Discussion

The Bankruptcy Court's Sale Order approved the sale of the Property pursuant to 11 U.S.C. § 363(b), (f), and (m). Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Eleventh Circuit has stated that "[b]ecause this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot." In re The Charter Co., 829 F.2d 1054, 1056 (11th Cir. 1987) (citing In re Bleaufontaine, 634 F.2d 1383, 1389-90 (5th Cir. Unit B 1981);[2] In re Vetter Corp., 724 F.2d 52, 55-56 (7th Cir. 1983)).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981. In re Bleaufontaine was rendered January 26, 1981.

Appellant failed to request, much less obtain, a stay of the sale pending appeal. In fact, in the fourteen-day period between being served a copy of the Sale Order and the transfer of title to the Nardis, Appellant failed to file any motion or appeal. See Fed. R. Bankr. P. 8002 (stating that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed"). Instead, he waited until after the sale was final and the appeal period was over before seeking to vacate the Sale Order and essentially void the sale of the Property to innocent, bona fide purchasers.

In any event, "Appellant failed to obtain a stay as required under section 363(m). The bankruptcy court's approval was issued, the assets were transferred, and the sale was completed. Thus, under section 363(m), the validity of the sale cannot be altered on appeal. This renders the appeal . . . to the district court, moot." In re The Charter Co., 829 F.2d at 1056; see also In re Phillips, 574 F. App'x 926, 927-28 (11th Cir. 2014) (finding an appeal of the bankruptcy court's order authorizing the debtors to sell their home free and clear of any interest held by the appellant was moot because the appellant failed to obtain a stay as required under Section 363(m)); In re Steffen, 552 F. App'x 946, 949 (11th Cir. 2014) (finding an appeal of the bankruptcy court's order authorizing the sale of real property was moot where the appellant requested, but the district court denied, a stay pending appeal because "[t]here is no exception to this rule where the debtor sought a stay pending appeal but was denied"); In re Petricca, No. 2:14–cv–615–FtM–38, 2015 WL 4348661, at *3 (M.D. Fla. July 14, 2015) (finding that the appellant's "failure to obtain a stay prior to the sale being completed renders his appeal to [the

7

district court] moot"); In re Dahdah, 102 B.R. 262, 264 (S.D. Fla. 1989) ("A good faith purchaser for value is entitled to act in reliance on a bankruptcy court's approval of a sale unless an objecting party obtains a stay of the order or of the transaction itself. Hope v. General Finance Corp. of Georgia (In re Kahihikolo), 807 F.2d 1540, 1543 (11th Cir. 1987). The objecting party's failure to obtain a stay precludes the district court or any other court from considering appellate relief.").

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

**(1)** Appellant Daniel A. Foley's appeal of the Bankruptcy Court's Order Denying Appellant's Motion to Amend Order Approving Sale of Real Property or, in the Alternative, Motion to Vacate Order Approving Sale of Real Property, is **DISMISSED AS MOOT**; and

**(2)** This case is now **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of July, 2015.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**